ESTATE OF TURNOCK: NORTHWESTERN LOAN & TRUST COMPANY, Administrator *de bonis non* and others, Respondents, vs. TURNOCK, Appellant.

*September 9—October 7, 1941.*

440

*Matt Taylor* of Kenosha, for the appellant.

*Arthur B. Ames* and *Roy S. Stephenson,* both of Kenosha, for the respondents.

ROSENBERRY, C. J.  We do not find it necessary in this case to determine the appealability of the order.  Assuming, without deciding, that the order is appealable, we shall consider the second ground upon which the motion to dismiss is made.  In *Will of Rice,* 150 Wis. 401, 463, 465, 136 N. W. 956, 137 N. W. 778, this matter was fully considered by the court in a case where the executors who had acted pursuant to order of the court were protected.  While that was a proceeding in the circuit court on appeal rather than in the county court, it was a proceeding relating to the administration of a testamentary trust and is fully applicable in this case by the terms of the decision.  The court said :

"The claim is made on behalf of the executors that they acted in good faith in disbursing the trust fund,—doing it always on judicial directions,—and so are entitled to protection against any personal liability, especially on complaint of the parties who consented to the disbursements.  The rule invoked is good in its place.

"Doubtless if an executor, acting reasonably and in good faith, disburses money pursuant to an order or direction of the court which it had jurisdiction to make, he is protected in so doing, and, so long as he acts reasonably, he is not obliged to anticipate an appeal and for his protection delay proceedings until the time thereof shall have expired. That must be so, otherwise the administration of trusts under judicial supervision would be intolerably impaired. That courts have so ruled, as counsel contend, would be taken for granted. [Citing cases.] Any ordinary order or judgment of the county court, entered without inexcusable fault on the part of the executor, and acted upon by him, reasonably and in good faith, while not interrupted by any stay or appeal, *though within the time for appealing,* protects him as to all parties against whom, presently, it is binding. . . .

"An administrator or executor is a mere judicial instrumentality in the settling of an estate. He has a right, in general, to rely upon the court in disbursing money coming into his hands. He is a mere agent, that is all, and an agent supposed to act with promptness and fidelity under superior authority. The negligence in disbursing money, as executor or administrator, to make him personally liable, must needs be very manifest—so great to at least amount to bad faith, something like what is called gross negligence—such utter disregard of duty as to amount to constructive intent to wrongly dissipate the funds."

So far as we are advised, the decision in the *Rice Case, supra,* has never been overruled or limited. In the case at bar, the order having been fully complied with prior to the time of the appeal, no stay of proceedings having been requested or made, the only question now open to consideration is whether the administrator acted in good faith in complying with the order. That question has not been tried in the county court of Kenosha county. No proceedings appear to have been had with respect to that question. So far as the record discloses nothing was done until a bill of exceptions was served, which was stipulated on the 16th day of May, 1941, twenty-four days after the order had been complied with. It is ap-

parent that the questions sought to be raised upon this appeal are now moot.   The order has served its purpose, payment has been made, the mortgage has been satisfied.   Even a reversal of the order would not set aside the satisfaction nor determine the liability of the administrator.   For that reason the appeal must be dismissed.

*By the Court.*—Appeal from the order of the county court is dismissed without prejudice to the rights of the petitioner to present any matter relating to the order now open to judicial consideration by the county court.